UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-601(DSD/FLN)

Bubble Pony, Inc.
and Patrick J. Glynn,

       Plaintiffs,

v.                                                                        **ORDER**

Facepunch Studios Ltd,
Facepunch Limited, Facepunch
Group Limited and Garry Newman,

       Defendants.

> Daniel E. Gustafson, Esq. and Gustafson Gluek PLLC, 120 South 6th Street, Suite 2600, Minneapolis, MN 55402 and Stuart M. Paynter, Esq. and Paynter Law Firm PLLC, 106 South Churton Street, Suite 200, Hillsborough, NC 27278, counsel for plaintiffs.
>
> Ryan Tz, Esq. and TYZ Marton Schumann, 28 Second Street, Third Floor, San Francisco, CA 94105, counsel for defendants.

This matter is before the court upon plaintiffs' objection to the October 3, 2016, order of Magistrate Judge Franklin L. Noel. In the order, the magistrate judge denied plaintiffs' motion for leave to file an amended complaint.

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). After a thorough review of the file and record, the court finds that the order is neither clearly erroneous

nor contrary to law.

**BACKGROUND**

Plaintiffs' seek leave to file a second amended complaint that re-asserts three previously dismissed claims: breach of contract, violation of the covenant of good faith and fair dealing, and promissory estoppel. These claims were previously dismissed because the conversation between plaintiff Patrick Glynn and defendant Garry Newman was too vague to form a contract or serve as the basis of promissory estoppel. See ECF No. 40. Plaintiffs re-assert these claims on the basis of a newly discovered chat message exchange between Newman and Glynn. In the exchange, Newman stated that Glynn would be paid a monthly wage that would create a "balance" of "debt" with defendants. ECF No. 74, Ex. 4. Glynn would "make a game" and the sales from the game would "start[] to pay off [his] balance." Id. After the balance was repaid, Newman would receive fifty percent of the profit. Id.

The magistrate judge concluded that this exchange was too vague to constitute a valid offer because no reference was made to the game RUST, which is the focus of this lawsuit, nor was there an expressed understanding of what games Glynn would work on in the future. ECF No. 86 at 5-6. He also concluded that even if there was an offer, there was no definite acceptance by Glynn or adequate consideration to create an enforceable contract. Id. As a result,

the magistrate judge concluded that amending the complaint would be futile and denied leave to amend.

## DISCUSSION

Plaintiffs argue that the magistrate judge erred in finding that amending the complaint would be futile. "A ... court should freely give leave to a party to amend its pleadings when justice so requires ...; however, it may properly deny a party's motion to amend its complaint when such amendment ... would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citations omitted). An amendment is futile when it would not survive a motion to dismiss. See In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (citations omitted) ("[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a [motion to dismiss] ....").

In order to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)).

A court cannot speculate about the intentions of the parties or the essential terms of an alleged contract. See United States v. White, 675 F.3d 1073, 1079 (8th Cir. 2012) (citation and internal quotation marks omitted) ("An alleged contract which is so vague, indefinite, and uncertain as to place the meaning and intent of the parties in the realm of speculation is void and unenforceable."); Commercial Assocs. Inc. v. Work Connection, Inc., 712 N.W.2d 772, 782 (Minn. Ct. App. 2006) (citation omitted) ("Whether a contract is formed is judged by the objective conduct of the parties and not their subjective intent."). Although the conversation between Newman and Glynn is more definite than what was previously pleaded, it is still too vague to constitute a valid offer. Glynn and Newman do not discuss what games would be covered by the alleged agreement, nor do they discuss how much Glynn would have to contribute to a game's development in order to share in the profits. These ambiguities leave the court to speculate as to the meaning of the alleged contract and the intent of the parties. Therefore, the magistrate judge's conclusion that amending the complaint would be futile was not clearly erroneous or contrary to law.

Even though the magistrate judge did not specifically find that plaintiffs' claims for violation of the covenant of good faith

and fair dealing and promissory estoppel were futile, it was not necessary to do so. Because Glynn and Newman did not form a contract, there can be no claim for violation of the covenant of good faith and fair dealing. Likewise, because the conversation is too vague to constitute a valid offer, any representations Glynn made could not be reasonably relied on by Newman. Therefore, amending the complaint to include claims for promissory estoppel or violation of the covenant of good faith and fair dealing would also be futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' objection [ECF No. 90] is overruled.

Dated: December 7, 2016

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court